OPINION
On June 30, 1999, Goldie Ryan, as administratrix of the estate of David James Lane, Ashley Lynn Cochenour and Michelle Shannon Cochenour refiled a lawsuit seeking compensation on behalf of the estates for the deaths of the three. Named as defendants in the lawsuit were the City of Columbus and four employees in the city's development department.
After the lawsuit was served on the defendants, they filed an answer in which they alleged that they were entitled to governmental immunity. Some discovery proceedings occurred, but depositions were delayed apparently due to an inability of the parties to agree upon appropriate dates for the depositions to be conducted. On March 20, 2000, the trial court journalized an entry requiring counsel for Ms. Ryan and the estates to show cause why the lawsuit should not be dismissed because of a failure to prosecute the lawsuit.
On April 4, 2000, the City of Columbus and its employees filed a motion seeking summary judgment based upon governmental immunity. While this motion was pending, counsel for Ms. Ryan and the estates dismissed the lawsuit with prejudice as to the named employees of the City of Columbus, leaving the City of Columbus as the only remaining party being sued. Counsel responded to the summary judgment motion by filing a memorandum contra and filing a copy of a deposition obtained during previous litigation.
Counsel for Ms. Ryan and the estates began taking depositions in the present lawsuit and asked for additional time to pursue discovery before the trial court ruled on the summary judgment motion. The trial judge assigned to the case refused the extension of time, but did not rule on the motion for extension of time until well after the date requested by counsel.
The City of Columbus had not opposed the motion for extension of time and found itself in a position where it needed three days additional time to file a reply memorandum to the motion for summary judgment. The extension was granted for the City of Columbus.
On June 19, 2000, the trial court granted summary judgment on behalf of the City of Columbus.
A direct appeal of that summary judgment has been pursued. Two errors are assigned for our consideration:
 1. The trial court erred when it granted Defendant-Appellee City of Columbus' Motion for Summary Judgment, finding that R.C. § 2744.02 was constitutional, that Defendant-Appellee City of Columbus was immune from tort liability pursuant to R.C. § 2744.01, and that Defendant's actions did not constitute an exception to immunity pursuant to R.C. § 2744.02(B)(2).
 2. The trial court erred when it failed to sustain Plaintiffs' Civil Rule 56(F) Motion for Extension of Time in Which to Respond to the Defendant's Motion for Summary Judgment filed April 17, 2000, instead overruling the same some 45 days later, yet still granting Defendant City of Columbus additional time to reply out of rule.
Addressing the second assignment of error first, we find that the trial court did not abuse its discretion in failing to grant additional time to respond to the motion for summary judgment. The motion seeking extension of time was filed April 17, 2000. The motion requested an extension of thirty days to submit additional evidence. An additional deposition was conducted May 17, 2000, and filed with the court on June 15, 2000, the same day the City of Columbus filed its reply memorandum. The trial court allowed discovery to proceed well after the cutoff date for discovery and had a total of four depositions available for review in ruling upon the motion for summary judgment. The trial court did not need to formally sanction more delays in the proceedings under the circumstances.
The second assignment of error is overruled.
The first assignment of error presents several theories as to why the trial court was incorrect in its granting of summary judgment.
The trial court, as this appellate court, was bound by precedent from the Supreme Court of Ohio finding that R.C. 2744.02 is constitutional. Until such time as the Supreme Court of Ohio reaches a different conclusion, lower court judges are required to follow cases such asFahnbulleh v. Strahan (1995), 73 Ohio St.3d 666; Fabrey v. McDonaldPolice Dept. (1994), 70 Ohio St.3d 351; and Cater v. Cleveland (1998),83 Ohio St.3d 24. The assertion of the appellants that R.C. 2744.02 is unconstitutional must await new Supreme Court precedent. Until then, the issue is whether the City of Columbus qualifies for immunity under R.C.2744.02, not whether governmental immunity is constitutional.
The other two theories asserted by the appellants are the applicability of R.C. 2744.01 and the potential for exceptions to governmental immunity under R.C. 2744.02(B)(2).
The fundamental theory for recovery pursued in the lawsuit was that the City of Columbus had failed in a duty to inspect for operable smoke detectors, resulting in the death of David James Lane, Ashley Lynn Cochenour and Michelle Shannon Cochenour in a house fire in December of 1995. Inspecting for housing code violations, including the presence of operable smoke detectors, is a governmental function. See R.C.2744.01(C)(2)(p). Indeed, such inspections are so much a governmental function that the Fourth Amendment to the Constitution of the United States limits the terms and conditions under which inspections can be conducted. Such limitations do not bind private parties who wish to inspect for operable smoke detectors.
R.C. 2744.02(A)(1) reads in pertinent part:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.02(A)(1) grants immunity from liability to the City of Columbus unless an exception to the grant of immunity can be found under the terms of R.C. 2744.02(B). None of the exceptions set forth in R.C.2744.02(B) apply to housing code inspections.
Appellants specifically refer to R.C. 2744.02(B)(2), which reads:
 Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
Inherent in our finding that housing code inspections are a governmental function is a finding that housing code inspections are not proprietary functions. Thus, R.C. 2744.02(B)(2) does not apply.
In sum, the trial court correctly resolved the legal issues presented to it. Therefore, its granting of summary judgment was correct, given current binding precedent.
The first assignment of error is overruled.
Both assignments of error having been overruled, the judgment of the trial court is affirmed.
 _________ TYACK, J.
LAZARUS and BROWN, JJ., concur.